******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK TRUST, N.A., TRUSTEE *v.* GARY M.
GIBLEN ET AL.
(AC 40664)

Sheldon, Moll and Seeley, Js.*

*Syllabus*

The plaintiff, as trustee, sought to foreclose a mortgage on certain real
property owned by the defendants G and A. Following the defendants'
default for failure to appear, the trial court rendered a judgment of
foreclosure by sale and appointed a committee of sale. The foreclosure
sale subsequently was held, with a winning bid of $1,230,000. Thereafter,
the committee filed a motion for approval of the sale, but prior to the
hearing on the motion, the defendants filed for chapter 7 bankruptcy
protection, triggering an automatic stay of the foreclosure proceedings.
Following a show cause hearing, the Bankruptcy Court annulled the
stay retroactive to the date that the defendants filed for bankruptcy
protection to allow the committee to exercise all rights and remedies
that it had under the applicable law. Thereafter, the committee filed a
supplemental report and reclaimed the motion for approval of the sale.
The defendants filed an objection to the motion for approval, challenging
the approval of the sale on a number of grounds, as well as the amount
of fees and expenses claimed by the committee. Following a hearing
during which the defendants' specific objections were addressed, the
trial court granted the committee's motion for approval of the sale, and
the defendants appealed to this court, *held*:
1. The defendants could not prevail on their claim that the trial court's
approval of the foreclosure sale was void ab initio because it exceeded
the scope of the Bankruptcy Court's order annulling the bankruptcy
stay; contrary to the defendants' claim that the Bankruptcy Court's order
annulling the stay was intended only to permit the committee to recover
fees and expenses, and not to pursue approval of the foreclosure sale,
the clear purpose of the Bankruptcy Court's order of annulment was
to allow the committee to pursue approval of the foreclosure sale.
2. The trial court did not abuse its discretion in granting the committee's
motion for approval of the sale: the defendants' claim that certain irregu-
larities with the motion for approval of the sale prevented them from
realizing a substantial amount of equity in the subject property was not
reviewable, as they did not raise the five claimed irregularities before
the trial court, and, therefore, those claims were not properly before
this court; moreover, although the approval of the sale extinguished the
defendants' right to redeem their property and the loss of the right to
the equity in that property was injurious to them, the defendants failed
to show any injury resulting specifically from any of the five claimed
irregularities with the motion for approval of the sale.

Argued February 5—officially released May 21, 2019

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty of the named defendant et al., and for other relief,
brought to the Superior Court in the judicial district of
Stamford-Norwalk, where the named defendant et al.
were defaulted for failure to appear and the defendant
JPMorgan Chase Bank et al. were defaulted for failure
to plead; thereafter, the court, *Mintz, J.*, rendered a
judgment of foreclosure by sale; subsequently, the
court, *Hon. Kevin Tierney*, judge trial referee, granted
in part, the committee's motion for approval of sale,
deed, fees and expenses, and the named defendant et
al. appealed to this court. *Affirmed.*

*Christopher G. Brown*, for the appellants (named

defendant et al.).

*Christopher J. Picard,* for the appellee (plaintiff).

*Opinion*

SHELDON, J. In this foreclosure action, the defendant mortgagors, Gary M. Giblen, also known as Gary Giblen, and Anna-Marie L. Giblen, also known as Anna-Marie Giblen,[1] appeal from the judgment of the trial court approving the sale of their mortgaged property, on the motion of the committee of sale (committee), following the court's rendering of a judgment of foreclosure by sale in favor of the plaintiff mortgagee, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust. On appeal, the defendants claim that (1) the trial court's approval of the sale of the subject property was void ab initio because it exceeded the scope of the Bankruptcy Court's order annulling the automatic stay that was triggered by the defendants' filing for chapter 7 bankruptcy protection, and (2) the trial court abused its discretion in approving the sale of the subject property because there were "irregularities with the motion to approve the foreclosure sale" that were "injurious" to them. We affirm the judgment of the trial court.

The following procedural history is relevant to the defendants' claims on appeal. In March, 2016, the plaintiff commenced this action against the defendants to foreclose a mortgage on property owned by the defendants at 11 Top O'Hill Road in Darien. On May 20, 2016, the defendants were defaulted for failure to appear in the action. On May 23, 2016, the court rendered a judgment of foreclosure by sale. The court found that, as of that date, the defendants owed the plaintiff $584,801.05, and the fair market value of the subject property was $1,750,000. The court appointed a committee to sell the property at a public auction on June 30, 2016. On June 14, 2016, the defendants filed a motion to the open judgment and extend the sale date. The court granted the motion to open the judgment and set the new sale date as December 3, 2016. On November 22, 2016, the defendants filed a second motion to open the judgment and extend the sale date, which was denied. The foreclosure sale was held on December 3, 2016, with a winning bid of $1,230,000. On December 7, 2016, the committee filed a motion for approval of the sale.

On December 18, 2016, prior to the hearing on the committee's motion for approval of the sale, the defendants filed for chapter 7 bankruptcy protection, triggering an automatic stay of the foreclosure proceedings pursuant to 11 U.S.C. § 362 (a) (2012). On March 7, 2017, the committee appeared before the Bankruptcy Court and informed it that a foreclosure sale of the subject property had been conducted on December 3, 2016. Because neither the foreclosure action nor the sale had been disclosed by the defendants, the Bankruptcy Court issued an order to appear and show cause to the defendants, their bankruptcy attorney, and the bankruptcy trustee. On March 23, 2017, an evidentiary

hearing was held on the order to show cause to determine, inter alia, "why . . . [a]n order should not enter terminating, annulling, modifying, and/or conditioning relief from the automatic stay pursuant to 11 U.S.C. § 362 (d) (1), 11 U.S.C. § 362 (d) (2) and/or 11 U.S.C. 362 (d) (4), to allow the Committee to continue to prosecute and complete the Foreclosure Action, including to complete the pre-petition foreclosure sale conducted on December 3, 2016." Following the show cause hearing, the Bankruptcy Court annulled the stay, retroactive to December 18, 2016, the date on which the defendants filed for bankruptcy protection.

On March 30, 2017, the committee filed a supplemental report with the trial court and reclaimed her motion for approval of the committee sale. On April 17, 2017, the defendants filed an objection to the motion for approval, arguing that (1) the appraised value of the subject property was substantially higher than the successful bid at the foreclosure auction because an interior appraisal of the property, which the court had ordered, had not been performed, (2) the committee had failed to advertise the sale in the newspaper two times, as the court had ordered, and (3) the committee had failed to ensure that the sign that she had posted on the property, pursuant to the court's order, remained there until the date of the sale. The defendants also challenged the amount of fees and expenses claimed by the committee.[2]

On May 9, 2017, the trial court ordered that a hearing on the motion for approval of the committee sale be held on July 6, 2017, to address the following limited issues: "(1) lack of interior inspection; (2) lack of a second sale advertisement; and (3) the intentional removal of the sale sign by the defendant[s]." On July 7, 2017, the trial court granted the committee's motion for approval of the sale.[3] This appeal followed. Additional facts will be set forth as necessary.

I

The defendants first claim that the trial court's approval of the committee sale of the subject property was void ab initio because it exceeded the scope of the Bankruptcy Court's order annulling the bankruptcy stay. Specifically, the defendants claim that the Bankruptcy Court's order annulling the stay was intended only to permit the committee to recover fees and expenses, not to pursue approval of the December 3, 2016 foreclosure sale. We disagree.

"It is true that acts taken in violation of the automatic stay are generally deemed void and without effect. . . . Nonetheless, [11 U.S.C.] § 362 (d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay, in addition to merely 'terminating' it. The word 'annulling' in this provision evidently contemplates the power of bankruptcy

courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to 'terminating', would be superfluous. As is stated in 2 Collier's Bankruptcy Manual ¶ 362.06 (3d Ed.1983): 'In addition to the obvious power to terminate the stay, [§ 362 (d)] also gives the bankruptcy court the power to annul the stay. The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay would be operative only from the date of its entry.'

"To similar effect is the advisory committee's note accompanying former Bankruptcy Rule 601 (c), a predecessor to § 362 (d), which explains the role of annullment as follows: 'This rule consists with the view that . . . an act or proceeding [against property in the bankruptcy court's custody taken in violation of the automatic stay] is void, but subdivision (c) recognizes that in appropriate cases the court may annul the stay so as to validate action taken during the pendency of the stay.' Accordingly . . . § 362 (d) permits bankruptcy courts, in appropriately limited circumstances, to grant retroactive relief from the automatic stay." *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984).

Here, following the evidentiary hearing, the Bankruptcy Court found that "[n]o party has shown cause as to why an Order should not enter terminating, annulling, modifying, and/or conditioning relief from the automatic stay pursuant to 11 U.S.C. § 362 (d) (1), 11 U.S.C. § 362 (d) (2) and/or 11 U.S.C. § 362 (d) (4), to allow the Committee to continue to prosecute and complete the Foreclosure Action, including to complete the pre-petition foreclosure sale conducted on December 3, 2016. . . .

"The testimony, evidence, and information presented at the show cause hearing supports a finding under 11 U.S.C. § 362 (d) (1) that cause exists to annul the automatic stay provisions of 11 U.S.C. § 362 (a) to December 18, 2016, the date of the filing of the [defendants'] case, to allow the Committee to take whatever actions are necessary and appropriate under applicable law in connection with the pending Foreclosure Action . . . ."

On the basis of those findings, the Bankruptcy Court ordered, inter alia: "Pursuant to 11 U.S.C. § 362 (d) (1), the automatic stay provided by 11 U.S.C. § 362 (a) is annulled for cause to December 18, 2016, the date of the filing of the [defendants'] case, to allow the Committee to exercise all rights or remedies it may have under applicable law . . . ."

The defendants contend that the Bankruptcy Court's

order was not intended to allow the committee to pursue approval of the foreclosure sale. "The construction of a judgment is a question of law for the court. . . . We review such questions of law de novo. . . . As a general rule, judgments are construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The judgment should admit of a consistent construction as a whole. . . . To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances." (Internal quotation marks omitted.) *Kent* v. *DiPaola*, 178 Conn. App. 424, 436–37, 175 A.3d 601 (2017).

We reject the defendants' contention that the sole purpose of the Bankruptcy Court's annulment of the automatic stay was to permit the committee to recover fees and expenses. The court's intent is clearly expressed in its order, in which it specifically stated that the defendants failed to show cause as to why relief from the automatic stay should not be granted "to allow the [c]ommittee to continue to prosecute and complete the [f]oreclosure [a]ction, including *to complete the pre-petition foreclosure sale conducted on December 3, 2016*." (Emphasis added.) The court unambiguously found cause to annul the stay "to allow the [c]ommittee to take whatever actions are necessary and appropriate under applicable law with the pending [f]oreclosure [a]ction" and, accordingly, annulled the stay "to allow the [c]ommittee to exercise all rights and remedies it may have under applicable law . . . ." The clear purpose of the Bankruptcy Court's order of annulment was to allow the committee to pursue approval of the foreclosure sale. Accordingly, the defendants' argument to the contrary must be rejected.

II

The defendants also claim that the trial court abused its discretion in approving the sale of the subject property because there were "irregularities" with the motion for approval of the foreclosure sale that were "injurious" to them. We are not persuaded.

Following the evidentiary hearing on the committee's motion for approval of the sale and the defendants' objection thereto, the court issued its ruling from the bench. The court addressed in detail the defendants' arguments in opposition to the approval of the sale, namely, the lack of an interior appraisal of their property and the committee's failure to comply with the court's orders to advertise the foreclosure auction twice in the newspaper and to ensure that a sign be posted on the property from no later than November 13, 2016, until the date of the sale. The court found that, although its orders that an interior appraisal of the subject property be performed, that the sale be advertised twice in the newspaper, and that a sign be posted on the property

until the sale date, had not been complied with, the defendants had not suffered any damage as a result of such failures to comply. It thus approved the sale of the property for the winning bid of $1,230,000.

"[T]he applicable standard of review applied to a court's approval of a committee sale is the abuse of discretion standard. . . . [A]n action of foreclosure is peculiarly equitable and . . . the court exercises discretion in ensuring that justice be done. . . . In approving the committee sale, [t]he court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to . . . the owners [of the foreclosed property]. . . . Most importantly, the court possesses the authority to refuse to confirm sales upon equitable grounds where [the sales are] found to be unfair or the price bid was inadequate." (Citation omitted; internal quotation marks omitted.) *Rockville Bank* v. *Victory Outreach Ministries, Inc.*, 125 Conn. App. 1, 9–10, 6 A.3d 177 (2010).

"[W]hen a court order respecting the conduct of a judicial sale is not complied with the court should scrutinize the transaction very carefully to assure itself that the sale has been conducted fairly and impartially and, if any irregularity has occurred, that no interested party has been injured by it. If any likelihood of injury is shown it would be an abuse of discretion for the trial court to approve the sale." (Emphasis omitted; internal quotation marks omitted.) *First National Bank of Chicago* v. *Maynard*, 75 Conn. App. 355, 358–59, 815 A.2d 1244, cert. denied, 263 Conn. 914, 821 A.2d 768 (2003).

On appeal, the defendants do not challenge the factual or legal bases on which the trial court relied in rejecting their arguments in opposition to the committee's motion for approval of the sale. Rather, they now claim that other irregularities with the motion prevented them "from realizing any of the substantial equity" they had in their property. Specifically, the defendants claim that the following irregularities prevented them from realizing a substantial amount of equity in their property: both they and the plaintiff objected to the approval of the sale; the successful bidders admitted that they were prejudiced by the delay in approving the sale; the successful bidders filed their motion for return of the deposit because of the bankruptcy, but withdrew it before the Bankruptcy Court granted relief from the stay; the successful bidders had no standing to support the sale because they were not parties to the action; and the committee exceeded its role in advocating for approval of the sale. Because the defendants did not assert these claims before the trial court, such claims are not properly before us now. See *Saye* v. *Howe*, 92 Conn. App. 638, 642, 886 A.2d 1239 (2005).

Moreover, we are not persuaded by the defendants' claim that the alleged irregularities "led to the approval

of the sale, which blocked [them] from realizing any of the substantial equity they had in their home." To be sure, the approval of the sale extinguished the defendants' right to redeem their property, and the loss of the right to the equity in that property was injurious to the defendants.[4] As previously noted, however, in order to recover, the defendants must show "injury to [themselves] *resulting from the irregularity complained of*." (Emphasis added; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 121, 629 A.2d 410 (1993). The defendants have failed to do so. The defendants have not shown any injury resulting specifically from any of the five claimed irregularities with the motion for approval of the sale. We thus cannot conclude that the court abused its discretion in granting the committee's motion for approval of the sale.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The complaint also named as defendants JPMorgan Chase Bank, the United States Internal Revenue Service, U.S. Equities Corp., Top O'Hill Road Association, and Connecticut Light and Power Company, doing business as Eversource Energy. With the exception of Gary Giblen and Anna-Marie Giblen, all of the defendants were defaulted for failure to plead. Any references to the defendants in this opinion are to Gary Giblen and Anna-Marie Giblen.

[2] On April 19, 2017, the plaintiff also filed an objection to the motion for approval of the sale, requesting an additional six months to work with the defendants to market and sell the property on their own. The court denied that motion, and the plaintiff has not challenged that ruling on appeal.

[3] At the hearing on the motion for approval of the sale, the court specifically asked the parties whether there was any "stay . . . in effect by any matter pending in any jurisdiction" and, more specifically, asked for the parties' confirmation that there was "[n]o stay for the bankruptcy proceeding that would prevent this matter from going forward." The defendants, through counsel, confirmed that there was no such stay in effect.

[4] It is noteworthy that at the time of the judgment of foreclosure by sale, the subject property was encumbered by liens held by multiple entities, most notably a lien by the Internal Revenue Service (IRS) in an amount exceeding $100,000,000. Assuming, as they contended before the Bankruptcy Court, that the IRS liens are invalid, the defendants, whose debt to the plaintiff was $569,000, stood to realize a substantial amount of equity on the court's approval of the sale for $1,230,000.