GILBERT R. MCCORD ET AL. *v.* RICHARD F. FREDETTE ET AL.
(AC 25958)

Schaller, Dranginis and Gruendel, Js.

Submitted on briefs September 27—officially released October 25, 2005

*James M. Nugent* filed a brief for the appellant (named defendant).

*Kenneth M. Rozich* and *Paulo M. Louro* filed a brief for the appellees (named plaintiff et al.).

*Opinion*

PER CURIAM. The defendant Richard F. Fredette[1] appeals from the judgment of the trial court denying his motion to open the judgment of foreclosure by sale

---

[1] The other defendants in this foreclosure action are not parties to this appeal. We therefore refer to Fredette as the defendant.

rendered in favor of the plaintiffs, Gilbert R. McCord and Patricia A. McCord.[2] On appeal, the defendant claims that the court improperly denied his motion because he had attempted to refinance his mortgage and the equity in his property exceeded the mortgage debt. We affirm the judgment of the trial court.

On September 1, 1992, the defendant executed a ten year promissory note in the amount of $154,729.51 in favor of the plaintiffs, secured by a mortgage on the defendant's commercial property in Stratford. The plaintiffs commenced this foreclosure action on September 18, 2003, approximately one year after the defendant defaulted on the note. On September 7, 2004, the court found that the mortgage debt was $103,213.88 and that the fair market value of the defendant's property was $260,000, and ordered a foreclosure by sale, scheduling the sale date for November 6, 2004. The defendant consented to that judgment, but then filed a motion to open on October 15, 2004. The defendant argued that the foreclosure was improper because (1) he likely would be able to refinance his mortgage and (2) his property had $156,786.12 in equity, a greater amount than the mortgage debt. The court denied the defendant's motion to open on November 1, 2004. This appeal followed.[3]

"The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion. . . . A foreclosure action is an equitable proceeding. . . . The determination of what

---

[2] The plaintiff committee of sale, Carl A. Massaro, Jr., is not a party to this appeal. We therefore refer to the McCords as the plaintiffs.

[3] Although the record does not contain a written memorandum of decision or a signed transcript of the court's oral decision in compliance with Practice Book § 64-1, we will review the defendant's claim because the transcript contains a sufficiently detailed and concise statement of the court's findings and conclusions in connection with its decision. See *Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 254 n.5, 826 A.2d 232, cert. denied, 266 Conn. 909, 832 A.2d 74 (2003).

equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citation omitted; internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Owen*, 88 Conn. App. 806, 811–12, 873 A.2d 1003 (2005).

We are not persuaded by either of the defendant's arguments in favor of granting his motion to open the judgment of foreclosure by sale to which he initially consented. At the time that the defendant filed his motion to open, he had not obtained refinancing for his mortgage. Although the amount of equity in the defendant's property exceeded the amount of his mortgage debt, the court still was permitted to order a foreclosure by sale. We conclude that the court did not abuse its discretion in denying the defendant's motion to open.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.