MICHAEL FORASTIERE ET AL. *v.* ROGER HIGBIE ET AL.
(AC 25449)

Bishop, Lavine and Pellegrino, Js.

Argued March 30—officially released May 30, 2006

*Geraldine Ficarra*, for the appellants (defendants).

*John R. Hall*, for the appellees (plaintiffs).

<em>Opinion</em>

PELLEGRINO, J. In this action for breach of contract, the defendants, Roger Higbie and Hyun Higbie, appeal from the judgment of the trial court rendered in favor of the plaintiffs, Michael Forastiere, Michael O'Loughlin and David Popkin. On appeal, the defendants claim that the court improperly (1) found that the parties had

agreed to share the cost of paving a road and (2) granted the plaintiffs' motion for attorney's fees. We affirm the judgment of the trial court.

The parties reside on a private road in Westport. In 1999, they discussed the possibility of extending a water main to the end of the road and paving the road. On June 22, 2000, the parties signed a contract with Bridgeport Hydraulic Company (Bridgeport Hydraulic) to extend the water main, but they decided not to begin work until they had hired a paving contractor. The parties still had not hired a paving contractor by June 2, 2001, when Roger Higbie wrote a letter to the plaintiffs, informing them that Bridgeport Hydraulic would raise its price to extend the water main unless the parties paid the entire cost before June 15, 2001. In that letter, Higbie asked each of the plaintiffs to send him a check for one quarter of the total cost and stated that "the subsequent paving can be a separate issue . . . ." The plaintiffs paid Higbie, and Bridgeport Hydraulic thereafter extended the water main.

On August 30 and November 6, 2001, Popkin sent the other parties estimates of the cost of paving the road. The defendants wrote a letter to the plaintiffs on November 17, 2001, in which they stated: "Just to reiterate what we have said before, we are not interested in participating in a full pavement of [the road] . . . . If some of you want to pave the whole road, we have no objection, but we are not responsible for the expense." The plaintiffs then hired a paving contractor for $9500 and asked the defendants to pay one quarter of that cost, but they refused to do so.

The plaintiffs commenced this action in the small claims session of the Superior Court, seeking $2375 for the defendants' share of the paving cost. The defendants transferred the case to the regular docket, where the court conducted a trial, found that the parties had

agreed to share the paving cost and awarded the plaintiffs $2375 in damages. The court later awarded the plaintiffs $13,640 in attorney's fees, pursuant to General Statutes § 52-251a.[1] The defendants then filed this appeal.[2]

## I

The defendants first claim that they agreed to pay only one quarter of the costs necessary to extend the water main. The defendants contend that Popkin misled them into believing that paving the road was a necessary cost of extending the water main. They argue that they learned of Popkin's alleged misrepresentation before Roger Higbie sent his letter of June 2, 2001, and that that letter and the Higbies' subsequent letter of November 17, 2001, relieved them of any responsibility to pay one quarter of the cost to pave the road. We disagree.

"The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence." (Internal quotation marks omitted.) *Heller* v. *D. W. Fish Realty Co.*, 93 Conn. App. 727, 731, 890 A.2d 113 (2006). "[W]e will upset a factual determination of the trial court only if it is clearly erroneous. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evi-

---

[1] General Statutes § 52-251a provides: "Whenever the plaintiff prevails in a small claims matter which was transferred to the regular docket in the Superior Court on the motion of the defendant, the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court."

[2] Although the record does not contain a written memorandum of decision or a signed transcript of the court's oral decisions in compliance with Practice Book § 64-1, we will review the defendants' claims because the transcript contains a sufficiently detailed and concise statement of the court's findings and conclusions in connection with its decisions. See *McCord* v. *Fredette*, 92 Conn. App. 131, 132 n.3, 883 A.2d 1258 (2005).

dence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Palmer*, 88 Conn. App. 330, 336, 869 A.2d 666 (2005).

Our review of the transcript indicates that the court's finding of an agreement among the parties to pave the road depended heavily on its assessment of the credibility of the witnesses. Roger Higbie's letter of June 2, 2001, which asked the plaintiffs to pay their share of the cost to extend the water main and stated that "the subsequent paving can be a separate issue" was not sufficient to repudiate the parties' agreement, as the defendants argue, but to the contrary, supported the court's finding of an agreement. The court found that that letter "said nothing more or less than what the parties had always understood . . . [which was] that they were not going to have the paving work done until after the water line was constructed . . . ." The defendants have failed to persuade us that the court's finding regarding that letter was clearly erroneous.

Although the defendants contend that Popkin had misrepresented the relationship between the water main extension and the road paving, and that they had discovered the misrepresentation before Roger Higbie wrote his letter of June 2, 2001, that letter failed to communicate their intent not to proceed with the road paving. The court found that the defendants' letter of November 17, 2001, expressed their reluctance to proceed with the road paving, but the court was entitled to give less weight to that letter in divining the parties' intent because the defendants wrote that letter after the water main had been extended. We conclude that the court's finding of an agreement among the parties

to share the cost of paving the road was not clearly erroneous.

## II

The defendants next claim that the court improperly granted the plaintiffs' motion for attorney's fees. We disagree.

"We review the award of attorney's fees for a clear abuse of discretion. Whether any award is to be made and the amount thereof lie within the discretion of the trial court, which is in the best position to evaluate the particular circumstances of a case. . . . [W]e may not alter an award of attorney's fees unless the trial court has clearly abused its discretion . . . ." (Internal quotation marks omitted.) *Krack* v. *Action Motors Corp.*, 87 Conn. App. 687, 694–95, 867 A.2d 86, cert. denied, 273 Conn. 926, 871 A.2d 1031 (2005).

The defendants argue that the court should not have granted the plaintiffs' motion for attorney's fees because (1) the parties are equally sophisticated litigants and (2) the court rejected count three of the plaintiffs' amended complaint, in which Forastiere separately alleged promissory estoppel, and therefore the plaintiffs did not prevail, as required by § 52-251a. We find both of those arguments unpersuasive. Section 52-251a does not require a party to be more sophisticated than the opposing party or that a party must prevail as to every claim. The court's discretion to award attorney's fees under § 52-251a, therefore, is not limited by the relative sophistication of the parties or the number of counts on which the plaintiffs prevail. See *Costanzo* v. *Mulshine*, 94 Conn. App. 655, 663–66, 893 A.2d 905 (2006) (explaining that factors inconsistent with the policy underlying § 52-251a are not to be considered in determining whether to award attorney's fees). In the present case, the court granted the plaintiffs' motion for attorney's fees on the basis of its consideration of

all the circumstances. We conclude that the defendants have failed to show that the court clearly abused its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.