EUGENE R. SCHIAVONE *v.* BANK OF AMERICA, N.A.
(AC 28119)

DiPentima, Gruendel and Hennessy, Js.

Argued March 14—officially released July 10, 2007

*John M. Eichholz*, for the appellant (plaintiff).

*Gerald L. Garlick*, with whom was *Katherine E. Abel*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Eugene R. Schiavone, appeals from the trial court's judgment in favor of the defendant, Bank of America, N.A. On appeal, the plaintiff claims that the factual findings of the court are

clearly erroneous.[1] We disagree and affirm the judgment of the trial court.

The court found the following facts. On August 24, 1988, the plaintiff deposited $50,000 in a six month certificate of deposit with Connecticut National Bank, a predecessor in interest to the defendant. The deposit was reflected in a document entitled "Savings Investment Certificate," which was eight and one-half inches by three inches in size. The maturity date was February 24, 1989, and the interest rate was 8 percent.

The plaintiff was a longtime resident of Old Saybrook and had resided at the same address for many years. He operated a business, with thirteen locations, which originated loans and then sold them to banks. In 1988, the plaintiff's income was more than $1 million. In 1989, however, the plaintiff's income dropped to approximately $360,000.

In addition, the plaintiff's federal income tax returns for the years 1988 and 1989 showed interest from Connecticut National Bank in amounts that could have included the interest that would have accrued for the certificate at issue. The subsequent income tax returns did not reflect such interest.

The bank[2] adhered to the following practices and procedures, at all times relevant to this case. Statements and notices were mailed to its depositors. Ten days prior to the maturity date of a certificate of deposit, the bank would send a letter to the customer. If the

---

[1] We note that the plaintiff also claims that the court improperly allowed the defendant to use the equitable defense of laches in an action at law. Because we conclude that the court properly found that the plaintiff did not sustain his burden of proof, we do not reach the issue of the defendant's use of the equitable defense of laches.

[2] "The bank" refers collectively to Connecticut National Bank and its successors in interest. Fleet Bank was a successor in interest to Connecticut National Bank. Bank of America, N.A., was a successor in interest to Fleet Bank.

customer did not withdraw the amount in the account, the entire certificate of deposit would be rolled over into a new certificate of the same duration. If the entire amount was withdrawn, the bank would maintain the record of the account for seven years. Furthermore, during the period from 1988 through the present, the bank did not require the presentation of the original certificate of deposit as a prerequisite to withdrawing the deposited funds. In fact, a customer presenting two forms of identification was able to withdraw the funds secured by the certificate without presenting the original certificate.

The plaintiff testified that in 1988, he placed the certificate in a safety deposit box. He further testified that in February, 2000, he found the certificate and took it to the Essex branch of the bank and told the branch manager of the bank that he could not remember whether he had cashed the certificate or not. The branch manager was unable to find a record of the plaintiff's account. The court inferred from the facts in evidence that because the bank maintains records of all accounts for seven years after the accounts are closed, the plaintiff's account with the defendant must have been closed prior to 1993. It was on September 8, 2004, that the plaintiff's attorney contacted Fleet Bank, a predecessor in interest to the defendant, on behalf of the plaintiff, requesting information on the plaintiff's account.

On appeal, the plaintiff claims that several of the court's factual findings are clearly erroneous. Specifically, the plaintiff argues "[t]he court's reference to the interest from Connecticut National Bank and reported on the 1988 tax returns . . . and its subsequent conclusion that the plaintiff has failed to sustain his burden of proof that the certificate of deposit has not been paid because of the interest reported on the 1988 tax return is a conclusion based on information or evidence

not introduced into the record." (Citation omitted.) Because we conclude that the facts set out in the memorandum of decision are supported by the evidence, we disagree with the plaintiff.

"[W]e will upset a factual determination of the trial court only if it is clearly erroneous. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Forastiere* v. *Higbie*, 95 Conn. App. 652, 655–56, 897 A.2d 722, cert. denied, 280 Conn. 902, 907 A.2d 89 (2006). "In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 544, 893 A.2d 389 (2006).

Upon careful review of the record, we conclude that the court's finding that the plaintiff failed to meet his burden of proof is supported by facts in the record and reasonable inferences drawn therefrom. The court credited the plaintiff's testimony that he placed the certificate in a safety deposit box. The court found that because the plaintiff had lived at the same address for the period in question and the bank's policy was to send out statements, it was reasonable to infer that he did receive the notices from Connecticut National Bank concerning the certificate of deposit at issue. The court further reasoned that such statements from the defendant would remind the plaintiff of the existence of his $50,000. The court found it unbelievable that the plaintiff, a businessman who routinely interacts with banks,

and whose income had dropped by $700,000 in 1989, would have simply forgotten that he had $50,000 on deposit with the defendant. The court referenced the fact that the plaintiff's federal income tax returns in 1988 and 1989 reflected interest from the bank that could include interest from the certificate of deposit at issue and, further, that the plaintiff's subsequent tax returns did not reflect any such interest. Additionally, the court found that the plaintiff's possession of the original certificate of deposit, in light of the bank's procedures, was not proof that he had not cashed in that certificate. On the basis of all of those findings, not one or two isolated facts, the court found that the plaintiff did not sustain his burden of proof. We conclude, in light of all the evidence and the pleadings in the record as a whole, that the court's finding that the plaintiff did not sustain his burden of proof was proper.

The judgment is affirmed.