******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CITY OF MILFORD *v.* RECYCLING, INC., ET AL.
(AC 44819)

Moll, Cradle and Bear, Js.

*Syllabus*

The plaintiff city sought to foreclose a municipal tax lien on certain real property on which the defendant trustee, S, held a first mortgage. The trial court rendered a judgment of strict foreclosure and set law days. S filed a motion to open the judgment of strict foreclosure and to convert it to a judgment of foreclosure by sale, which the trial court granted. Thereafter, S filed a motion to open and to extend the sale date, claiming that there was an interested buyer in the property and that contract negotiations were ongoing. The plaintiff opposed the motion because S failed to identify the alleged buyer or to provide any documentation evidencing the potential sale. The trial court denied the motion, and S appealed to this court. *Held* that the trial court did not abuse its discretion by denying S's motion to open the judgment and to extend the sale date because its determination that the balancing of the equities favored the plaintiff was made after considering all of the relevant circumstances and needs of justice specific to the case and was reasonable under the facts and circumstances in the record.

Argued March 3—officially released June 21, 2022

*Procedural History*

Action to foreclose a municipal tax lien on certain real property, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Hon. Arthur A. Hiller*, judge trial referee, rendered judgment of strict foreclosure; thereafter, the court, *Tyma, J.*, granted the motion to open the judgment of strict foreclosure and to convert it to a judgment of foreclosure by sale filed by the defendant Donna Stewart, Trustee; subsequently, the court, *Hon. Arthur A. Hiller*, judge trial referee, denied the motion to open the judgment and to extend the sale date filed by the defendant Donna Stewart, Trustee, and the defendant Donna Stewart, Trustee, appealed to this court. *Affirmed.*

*Janine M. Becker*, with whom, on the brief, was *Patricia Moore*, for the appellant (defendant Donna Stewart, Trustee).

*Matthew B. Woods*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this municipal tax lien foreclosure action, the defendant Donna Stewart, Trustee,[1] appeals from the judgment of the trial court sustaining the objection of the plaintiff, the city of Milford, and denying her motion to open the existing judgment of foreclosure and to extend the sale date ordered therein. On appeal, the defendant claims that the court erred in concluding that, considering the equities advanced by both parties for the court's consideration, the balancing of those equities favored the plaintiff.[2] In response, the plaintiff argues that the judgment of the court should be affirmed because the court did not abuse its discretion in concluding that those equities favored the plaintiff. We agree with the plaintiff and, accordingly, affirm the judgment of the court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The defendant is the holder of a first mortgage on commercial property located at 990 Naugatuck Avenue in Milford (property). On March 24, 2010, the plaintiff instituted the present municipal tax lien foreclosure action. On July 27, 2015, the court, *Honorable Arthur A. Hiller*, judge trial referee, rendered a judgment of strict foreclosure and set law days to commence on February 1, 2016. On July 27, 2020, after the disposition of numerous bankruptcy petitions and motions filed by one or more of the parties, the court, *Abrams, J.*, opened the foreclosure judgment and reset the law days to commence on September 9, 2020.

On August 27, 2020, the defendant filed a motion to open the judgment of strict foreclosure and to convert it to a judgment of foreclosure by sale with a proposed sale date of August 28, 2021. On August 28, 2020, the court, *Tyma, J.*, denied the defendant's motion without prejudice to refiling the motion to indicate the position of any appearing parties. On September 1, 2020, the defendant filed a caseflow request with an attached memorandum stating the position of the various appearing parties with respect to the motion and the proposed sale date. On September 2, 2020, the court granted the motion and converted the judgment to a judgment of foreclosure by sale, with a sale date set for June 26, 2021.

On May 14, 2021, the defendant filed a motion to reopen the judgment and extend the sale date, claiming that "there [was] a buyer interested in the property at a significant purchase price and that there [was] a written option and contract negotiations [were] ongoing." The plaintiff disputed the merits of this claim because of, inter alia, the defendant's failures to identify the alleged buyer and to provide any supporting documentation. On June 17, 2021, after a hearing, Judge Hiller denied the defendant's motion to open and set the sale date

for July 24, 2021. This appeal followed.

"The standard of review of [a denial of a motion to open] a judgment of foreclosure by sale . . . is whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *McCord* v. *Fredette*, 92 Conn. App. 131, 132–33, 883 A.2d 1258 (2005).

In the present case, at the hearing on the defendant's motion to open the judgment of foreclosure by sale and extend the sale date, the court stated the following in support of its decision to deny the defendant's motion: "The court has reviewed all the papers and considered all the arguments. The court believes that the equities are clearly in favor of the plaintiff. There is no reason that the . . . taxpayers should fund this defendant's project or use of the premises. The equities require a sale so [that the plaintiff] can pay its obligations without adding to the tax bill sent to its taxpayers." In claiming on appeal that the court erred in concluding that the equities favored the plaintiff, the defendant argues that the court abused its discretion by denying the motion to open the judgment and extend the sale date because "complete justice required [that] the sale date be extended." We disagree.

"Foreclosure is peculiarly an equitable action, and the court may entertain such questions as are necessary to be determined in order that complete justice may be done. . . . [B]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done. . . . [E]quitable remedies are not bound by formula but are molded to the needs of justice." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Morgera* v. *Chiappardi*, 74 Conn. App. 442, 456–57, 813 A.2d 89 (2003). "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) *TD Bank, N.A.* v. *M.J. Holdings, LLC*, 143 Conn. App. 322, 326, 71 A.3d 541 (2013).

Upon review of the record, we conclude that the trial court's determination that the balancing of the equities favored the plaintiff (1) was made after considering all of the relevant circumstances and the needs of justice specific to this case and (2) was reasonable under the facts and circumstances to be found in the record. In light of this conclusion, we further conclude that the court did not abuse its discretion by denying the defendant's motion to open the judgment and extend the

sale date.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

[1] In the underlying foreclosure action, the following were also named as defendants: Recycling, Inc.; City Streets, Inc.; Outlaw Boxing Kats, Inc.; Cell Phone Club, Inc.; Millionair Club, Inc.; Frank P. Gillon, Jr., and John L. Silva, as trustees of the Connecticut Laborers' Health Fund; Frank P. Gillon, Jr., and Charles LeConche, as trustees of the Connecticut Laborers' Pension Fund; Marvin B. Morganbesser and Charles LeConche, as trustees of the Connecticut Laborers' Annuity Fund; Charles LeConche and Marvin B. Morganbesser, as trustees of the Connecticut Laborers' Legal Services Fund; Felix J. Conti and Robert B. Discuillo, Sr., as trustees of the New England Laborers' Training Trust Fund; Felix J. Conti and Robert B. Discuillo, Sr., as trustees of the New England Laborers' Laborer-Management Cooperation Trust; N 990 Naugatuck Avenue, LLC; Marr Consulting, LLC; Tricia Mulvaney; Rio, Inc.; Regensburger Enterprises, Inc.; Cummings Enterprises, Inc.; Nicholas Owen III; Allstar Sanitation, Inc.; Bridgeport Redevelopment, Inc.; Darlene Chapdelaine; JRB Holding Co., LLC; and Naugatuck Avenue, LLC. Those defendants are not involved in this appeal. We therefore refer in this opinion to Donna Stewart, Trustee, as the defendant.

[2] On appeal, the defendant also claims that the court erred in concluding that it lacked subject matter jurisdiction to open the foreclosure judgment and extend the sale date because of the four month restriction set forth in General Statutes § 52-212a. Because the court expressly stated that it was basing its denial of the motion to open on equitable grounds, we do not agree that the court concluded that it lacked subject matter jurisdiction, and, therefore, we decline to address this claim.

———————————————