******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# WOODBRIDGE CROSSING CONDOMINIUM ASSOCIATION, INC. *v.* GWENDOLYN FERGUSON ET AL.
## (AC 47075)

Bright, C. J., and Suarez and Sheldon, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment for the defendant condominium unit owner in its foreclosure action for the defendant's alleged nonpayment of common fees. The plaintiff claimed that the court improperly concluded that it had not met its burden of proof. *Held*:

The trial court's finding that the plaintiff did not satisfy its burden of proving that the defendant had failed to pay common charges for her unit was not clearly erroneous because it was supported by the evidence presented at trial.

Argued September 18—officially released November 12, 2024

*Procedural History*

Action to foreclose a statutory lien for unpaid common charges on a condominium unit owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of New Haven and tried to the court, *K. Murphy, J.*; judgment for the named defendant; thereafter, the court, *K. Murphy, J.*, rendered judgment dismissing the action as to the defendant Wells Fargo Bank, and the plaintiff appealed to this court. *Affirmed*.

*Kristie Leff*, for the appellant (plaintiff).

*Opinion*

PER CURIAM. In this foreclosure action concerning the alleged nonpayment of common fees, the plaintiff, Woodbridge Crossing Condominium Association, Inc., appeals from the judgment of the trial court rendered

in favor of the defendant Gwendolyn Ferguson.[1] On appeal, the plaintiff claims that the court erred in determining that it had not met its burden of proof. We disagree and, accordingly, affirm the judgment of the trial court.

The following procedural history and facts, as found by the trial court, are relevant to this appeal. The plaintiff commenced a foreclosure action alleging that the defendant, the owner of a unit in the plaintiff's condominium complex, had failed to pay her monthly common fees for at least six years. Following a trial, the court delivered an oral decision in which it made the following findings of fact and conclusions of law. The strongest evidence in support of the plaintiff's claim of nonpayment was (1) plaintiff's exhibit 6, a copy of a portion of the plaintiff's bank records, which did not reflect the deposit of any checks or money orders from the defendant during the period from June, 2013, through May, 2018, and (2) the testimony of Michelle Hufcut, the owner of Evergreen Property Management, LLC (Evergreen), through which she served as the property manager for the plaintiff during the relevant time frame[2], who stated that while she worked for the plaintiff, she deposited all checks and money orders received from unit owners for the payment of common charges into the plaintiff's bank account. The court noted that Hufcut had testified as to her usual procedures with respect to depositing such payments but did not remember much, if anything, regarding the defendant's payments of common charges for her unit. The court compared plaintiff's exhibit 6 with defendant's exhibit J1,

---

[1] Wells Fargo Bank was also named as a defendant. After the court rendered judgment for Ferguson following a trial, which Wells Fargo Bank did not attend, the court rendered a judgment of dismissal as to Wells Fargo Bank, and it is not participating in this appeal. For ease of reference, we will refer to Ferguson as the defendant.

[2] Evidence was adduced at trial that Hufcut worked as the property manager for the plaintiff through her company, Evergreen, from at least August, 2013, and that, in May, 2018, Hufcut's and Evergreen's positions as the

a handwritten spreadsheet prepared for the plaintiff by Evergreen in 2019 to document the defendant's payments of common charges for her unit while Evergreen was serving as its property management company. The defendant testified that exhibit J1 was sent to her by one of the plaintiff's subsequent property management companies, Shoreline Property Management, in 2019, in response to her inquiry about the alleged nonpayment of common charges for her unit in that later time frame. The court noted that the several payments listed in exhibit J1 were not reflected in exhibit 6. It ultimately concluded that it could not rely on either exhibit 6 or exhibit J1 because the two exhibits were "inconsistent with each other."

The court detailed the following evidence in favor of the defendant's position that she had paid her common fees. To begin with, the defendant testified that she had owned her unit since 1991 and that she was current on her payments of common fees. The court found the defendant's testimony to be credible, noting in particular that she had supported her claim of payment with credible documentary evidence. The documentary evidence upon which the court relied included (1) exhibit B, a May 24, 2017 letter from Evergreen noting that the amount of common fees due from the defendant each month for her unit was $220 and stating that the defendant was a member in good standing of the condominium complex, (2) exhibit F, a communication from another former property management company of the plaintiff, Alan Barberino Real Estate, LLC, likewise stating that the amount of common fees due from the defendant each month for her unit in the complex was $220 and that her balance as of October 8, 2019, was $285, including $220 in common fees plus an additional $65 in other unspecified charges, and (3) exhibit E, a

property manager and property management company for the plaintiff were terminated.

November 6, 2019 statement, which was prepared by the same former property management company, Alan Barberino Real Estate, LLC, on the letterhead of the plaintiff, stating that the defendant's current balance on that date was $285, including $220 in common fees plus an additional $65 in late fees.[3]

The court concluded that the "most logical" explanation for the inconsistencies in the parties' evidence was that the defendant had indeed made payments of common fees, but that "for whatever reason, and the court doesn't know why . . . it was not reflected in those bank records. And again, I've given some possible reasons for that, but I really don't know. And ultimately, it's the plaintiff's burden of proving that the defendant did not make her payments." The court rendered judgment for the defendant on the plaintiff's complaint and ordered that the lis pendens be removed. This appeal followed.

The plaintiff claims that the court's finding that it did not meet its burden of proof that the defendant did not pay common fees during the period in question is clearly erroneous.[4] The plaintiff argues that it presented "abundant, credible and incontrovertible evidence of lack of payment," including the bank statements, which it contends is "the most accurate and precise method by which to determine the payments made by unit owners." We are not persuaded.

"A court's factual findings underlying its determination that a party failed to sustain its burden of proof will not be disturbed on appeal unless they are clearly

---

[3] Exhibit E further indicated that the defendant was owed a credit on her account as of November 28, 2018. The reason for the credit is not disclosed.

[4] The plaintiff also argues that the court abused its discretion in determining that it had not met its burden of proof. Our standard of review, however, for factual findings is clearly erroneous, and we do not second-guess the credibility determinations of the trial court. See, e.g., *Schiavone* v. *Bank of America, N.A.*, 102 Conn. App. 301, 304, 925 A.2d 438 (2007).

erroneous." *O & G Industries, Inc.* v. *American Home Assurance Co.*, 204 Conn. App. 614, 624, 254 A.3d 955 (2021). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Schiavone* v. *Bank of America, N.A.*, 102 Conn. App. 301, 304, 925 A.2d 438 (2007).

After a careful review of the record, we conclude that the court's finding that the plaintiff did not satisfy its burden of proving that the defendant failed to pay common charges for her unit is supported by the evidence. The defendant testified that she had paid her common fees. Additionally, the defendant presented documentary evidence supporting her payment of the common fees in the relevant time frame, including a summary of her payments during that period and two later bills showing small current balances due with other minor charges but no arrearages. Although the plaintiff presented evidence of the defendant's nonpayment of common fees that included, most notably, bank records from the relevant time frame, the court did not credit that evidence. Rather, the court credited the defendant's testimony and the documentary evidence in exhibits B, E, and F that supported her testimony that she had paid the common fees for her unit. "[I]t is the exclusive province of the trier of fact to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony." (Internal quotation marks omitted.) *Rockhill* v. *Danbury Hospital*, 176 Conn. App. 39, 44, 168 A.3d 630 (2017). We conclude

that the court's finding that the plaintiff did not sustain its burden of proof was not clearly erroneous and therefore must be upheld.

The judgment is affirmed.